**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division

OFFICE DEPOT, INC. and
OFFICEMAX INCORPORATED,

              *Plaintiffs*,

    v.

W.B. MASON CO., INC.,

              *Defendant*.

Civil Action No. 9:17-cv-80560-KAM
Judge Kenneth A. Marra

## ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND

W.B. Mason, Co., Inc. ("W.B. Mason"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby states its Answer to the Complaint for Injunctive Relief and Damages (the "Complaint") filed by Plaintiffs OfficeMax, Inc. ("OMI") and Office Depot, Inc. ("ODI") (OMI and ODI may also be referred to collectively herein as "Plaintiffs"), and W.B. Mason's Counterclaim in this matter, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against W.B. Mason upon which relief can be granted.

### SECOND DEFENSE

For answer to the separately-numbered paragraphs of the Complaint, W.B. Mason responds as follows:

1.      The allegations in Paragraph 1 of the Complaint include Plaintiffs' characterization of this case, other cases, and other events, including conclusory and derogatory references to W.B. Mason and conduct described only generally.   These allegations as well as those generally in the Complaint are inappropriate for the "short and plain statement of the claim showing that the pleader is entitled to relief" contemplated by the Federal Rules of Civil Procedure (*e.g.,* Fed. R. Civ. P. 8(a)(2)), are obviously calculated to unfairly and improperly prejudice W.B. Mason, and are not the sort of factual allegations to which a response is required.  To the extent that a response may be required, W.B. Mason denies these allegations and demands strict proof thereof.

2.      W.B. Mason admits that it regularly engages in recruitment activities and has done so over the years, and that it has hired various individuals, including those referenced as the "Individual Employees" in Paragraph 2 of the Complaint.  To the extent that Paragraph 2 of the Complaint is intended to allege or suggest any inappropriate conduct in this regard, those allegations are denied.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.

3.      Denied in the form alleged.  For further answer, W.B. Mason notes that various former employees of OMI and/or ODI signed agreements that often include overly broad and unenforceable restraints in trade that seek to oppress the employees in their exercise of their right to work and choose their places of employment, to earn a living, and to make sure of their skills and knowledge in doing so.  By using and threatening to enforce, or pursuing legal action to enforce, such restraints, OMI and ODI seek to substantially and improperly interfere

2

with such employees' mobility and ability to earn a living in the industry in which, in many cases, the employees have spent their careers.  Such restrictions are not designed, tailored, or intended to protect legitimate and lawful business interests.  Instead, such restrictive covenants are designed and intended to intimidate employees, to hold them hostage in their jobs, to interfere with their legitimate rights to seek alternative employment and to stifle legitimate and fair competition in the marketplace.

4.      Denied.

5.      Denied.  For further answer, W.B. Mason notes that what Plaintiffs refer to as "goodwill" is inconsistent with the legitimate business interests defined by the applicable law, and far exceeds any interest that Plaintiffs could legitimately seek to protect through provisions narrowly tailored to achieve such protection.  In addition, what Plaintiffs refer to as a "scheme" is not alleged with facts to which a response is required or appropriate.  Nevertheless, to the extent that a response may be required to such an allegation, it is denied and W.B. Mason demands strict proof thereof.

6.      The allegations contained in Paragraph 6 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

7.      The allegations contained in Paragraph 7 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  They also include vague and undefined assertions, such as a statement that certain conduct described generally is "not unfamiliar" to persons undefined.  As such, a

response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

8.      The allegations contained in Paragraph 8 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

9.      The allegations contained in Paragraph 9 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

10-12. The allegations contained in Paragraphs 10, 11, and 12 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraphs 10, 11, and/or 12 of the Complaint are intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to attempt to turn counsel into a witness, to restrict access of clients to counsel, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

13.     The allegations contained in Paragraph 13 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

14.     The allegations contained in Paragraph 14 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 14 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

15.     The allegations contained in Paragraph 15 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

16.     The allegations contained in Paragraph 16 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the

extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 16 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

17.     The allegations contained in Paragraph 17 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 17 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

18.     The allegations contained in Paragraph 18 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate.

Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof. In addition, to the extent that Paragraph 18 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit. To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

19.     The allegations contained in Paragraph 19 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations. As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof. In addition, to the extent that Paragraph 19 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit. To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by

appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

20.     The allegations contained in Paragraph 20 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.   In addition, to the extent that Paragraph 20 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

21.     The allegations contained in Paragraph 21 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 21 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

22.     The allegations contained in Paragraph 22 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 22 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

23.     The allegations contained in Paragraph 23 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 23 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

24.     The allegations contained in Paragraph 24 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by unidentified persons, not supported by specific factual allegations.  As such, a response is not required or appropriate.

Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 24 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

25.     The allegations contained in Paragraph 25 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, by persons largely unidentified, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 25 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

26.     The allegations contained in Paragraph 26 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, with inadmissible speculation as to the actions taken and reasons therefor, by persons largely unidentified, not supported by specific factual allegations.  As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that

Paragraph 26 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

27.     The allegations contained in Paragraph 27 of the Complaint refer to selectively and characterize referenced "public testimony," the complete iteration of which is the best evidence of its contents.  W.B. Mason denies any allegation in consistent with the complete "public testimony" that is referenced and denies Plaintiffs' characterizations of it.

28.     The allegations contained in Paragraph 28 of the Complaint are unreasonably vague insofar as they do not identify the individuals having an alleged meeting and do not otherwise set forth facts for which a response is required or permissible.  To the extent that a response may be required, these allegations are denied and strict proof thereof is demanded.

29.     The allegations contained in Paragraph 29 of the Complaint refer to selectively and characterize referenced "public testimony," the complete iteration of which is the best evidence of its contents.  W.B. Mason denies any allegation in consistent with the complete "public testimony" that is referenced and denies Plaintiffs' characterizations of it.

30.     The allegations contained in Paragraph 30 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

11

31.     The allegations contained in Paragraph 31 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  For further answer, W.B. Mason admits that in the office supply industry, there are no genuine "trade secrets" and little confidential information of any proprietary value.

***W.B. Mason's Recent Litigation With Other Office Supply Industry Competitors Based on Similar Conduct to That Employed Against Office Depot***

32.     The allegations contained in Paragraph 32 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

33.     The allegations contained in Paragraph 33 of the Complaint reference other litigation and state Plaintiffs' characterization of the allegations in such litigation.  Those allegations are merely that – allegations – and are inadmissible in this proceeding.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

34.     The allegations contained in Paragraph 34 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, with inadmissible speculation as to the actions taken and reasons therefor, by persons largely unidentified, not supported by specific factual allegations.  As such, a response is not required or appropriate.

Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.   In addition, to the extent that Paragraph 34 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

35.     The allegations contained in Paragraph 35 of the Complaint reference other litigation and state Plaintiffs' characterization of the allegations in such litigation.   Those allegations are merely that – allegations – and are inadmissible in this proceeding.   As such, a response is not required or appropriate.   Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

36.     The allegations contained in Paragraph 36 of the Complaint reference other litigation and state Plaintiffs' characterization of the allegations in such litigation.   Those allegations are merely that – allegations – and are inadmissible in this proceeding.   As such, a response is not required or appropriate.   Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

37.     The allegations contained in Paragraph 37 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, with inadmissible speculation as to the actions taken and reasons therefor, by persons largely unidentified, not supported by specific factual allegations.   As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.   In addition, to the extent that

Paragraph 37 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

38.     The allegations contained in Paragraph 38 of the Complaint reference other litigation and state Plaintiffs' characterization of the allegations in such litigation.  Those allegations are merely that – allegations – and are inadmissible in this proceeding.  Nor are Plaintiffs' characterizations of interim orders entered in such litigation admissible or appropriate for assertion in the Complaint.  As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

39.     The allegations contained in Paragraph 39 of the Complaint reference other litigation and state Plaintiffs' characterization of the allegations in such litigation.  Those allegations are merely that – allegations – and are inadmissible in this proceeding.  Nor are Plaintiffs' characterizations of interim orders entered in such litigation admissible or appropriate for assertion in the Complaint.  As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

40.     The allegations contained in Paragraph 40 purport to characterize, summarize, and describe allegations and testimony in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a

response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

41.    The allegations contained in Paragraph 41 purport to characterize, summarize, and describe allegations and testimony in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

42.    The allegations contained in Paragraph 42 purport to characterize, summarize, react to, and describe allegations and testimony in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

43.    The allegations contained in Paragraph 43 purport to characterize, summarize, and describe allegations, interim orders, and testimony in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

44.    The allegations contained in Paragraph 44 purport to characterize, summarize, and describe allegations, interim orders, and testimony in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent

15

that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

45.     The allegations contained in Paragraph 45 purport to characterize, summarize, and describe allegations, interim orders, and testimony in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

***Past W.B. Mason-Related Litigation with Office Depot and/or Office Max Based on Similar Conduct to the Conduct At Issue Today***

46.     The allegations contained in Paragraph 46 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 46 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

47.     The allegations contained in Paragraph 47 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not

required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

48.     The allegations contained in Paragraph 48 purport to characterize, summarize, and describe representation in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 48 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

49.     The allegations contained in Paragraph 49 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

50.     The allegations contained in Paragraph 50 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 50 of the Complaint is intended

to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

51.     The allegations contained in Paragraph 51 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 51 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

52.     The allegations contained in Paragraph 52 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 52 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create

a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

53. The allegations contained in Paragraph 53 purport to characterize, summarize, and describe allegations, opinion(s), and testimony in other litigation. Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint. As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

54. The allegations contained in Paragraph 54 purport to characterize, summarize, and describe representation and allegations in other litigation. Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint. As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof. In addition, to the extent that Paragraph 54 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

55. The allegations contained in Paragraph 55 purport to characterize, summarize, and describe representation and allegations in other litigation. Such assertions are

inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 55 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

56.     The allegations contained in Paragraph 56 purport to characterize, summarize, and describe representation and allegations in other litigation and other matters.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 56 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

57.     The allegations contained in Paragraph 57 purport to characterize, summarize, and describe representation and allegations in other litigation and other matters.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in

the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 57 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

58.     The allegations contained in Paragraph 58 purport to characterize, summarize, and describe representation and allegations in other litigation and other matters.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 58 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

59.     The allegations contained in Paragraph 59 purport to characterize, summarize, and describe representation and allegations in other litigation and other matters.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent

that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 59 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

60.    The allegations contained in Paragraph 60 purport to characterize, summarize, and describe representation and allegations in other litigation, hearsay regarding claimed statements made elsewhere, and other matters.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 60 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

61.    The allegations contained in Paragraph 61 purport to characterize, summarize, and describe representation and allegations in other litigation, hearsay regarding claimed statements made elsewhere, and other matters.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such

allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 61 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

62.     The allegations contained in Paragraph 62 purport to characterize, summarize, and describe representation and allegations in other litigation, assertions in motions not ruled upon, and other matters.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 62 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

63.     The allegations contained in Paragraph 63 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

64.     The allegations contained in Paragraph 64 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

65.     The allegations contained in Paragraph 65 purport to characterize, summarize, and describe allegations and representation in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 65 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

66.     The allegations contained in Paragraph 66 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 66 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create

a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

67.    The allegations contained in Paragraph 67 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 67 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

68.    The allegations contained in Paragraph 68 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 68 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to

attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

69.    The allegations contained in Paragraph 69 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

70.    The allegations contained in Paragraph 70 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 70 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

71.    The allegations contained in Paragraph 71 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not

required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

72.     The allegations contained in Paragraph 72 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

73.     The allegations contained in Paragraph 73 purport to characterize, summarize, and describe allegations and interim order(s) in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

74.     The allegations contained in Paragraph 74 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

75.     The allegations contained in Paragraph 75 purport to characterize, summarize, and describe allegations and representation in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands

strict proof thereof.  In addition, to the extent that Paragraph 75 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

76.     The allegations contained in Paragraph 76 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 76 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

77.     The allegations contained in Paragraph 77 purport to characterize, summarize, and describe representation and allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 77 of the Complaint is intended

to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

78.     The allegations contained in Paragraph 78 purport to characterize, summarize, and describe representation and allegations in other litigation.   Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.   As such, a response is not required or appropriate.   Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.   In addition, to the extent that Paragraph 78 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.   For further answer, W.B. Mason notes that what Plaintiffs refer to as "goodwill" is inconsistent with the legitimate business interests defined by the applicable law, and far exceeds any interest that Plaintiffs could legitimately seek to protect through provisions narrowly tailored to achieve such protection.

79.     The allegations contained in Paragraph 79 purport to characterize, summarize, and describe representation and allegations in other litigation.   Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.   As such, a response is not required or appropriate.   Nevertheless, to the extent

that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 79 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

80.     The allegations contained in Paragraph 80 purport to characterize, summarize, and describe representation and allegations in other litigation.   Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 80 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

81.     The allegations contained in Paragraph 81 purport to characterize, summarize, compare, and describe representation and allegations in other litigation.  Such assertions are

inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

82.     The allegations contained in Paragraph 82 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

83.     The allegations contained in Paragraph 83 purport to characterize, summarize, and describe representation and allegations in other litigation.   Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 83 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create

31

a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

84.     The allegations contained in Paragraph 84 purport to characterize, summarize, and describe allegations in other litigation.  Such assertions are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

85.     W.B. Mason admits that it regularly engages in recruitment activities and has done so over the years, and that it has hired various individuals.  To the extent that Paragraph 85 of the Complaint is intended to allege or suggest any inappropriate conduct in this regard, those allegations are denied.  For further answer, W.B. Mason states that some or all of the facts related to these matters are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.

86.     W.B. Mason admits that it regularly engages in recruitment activities and has done so over the years, and that it has hired various individuals.  To the extent that Paragraph 86 of the Complaint is intended to allege or suggest any inappropriate conduct in this regard, those allegations are denied.  For further answer, W.B. Mason states that some or all of the facts related to these matters are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  In addition, this litigation may not be used as a vehicle to impede employees' freedom of movement and right to work, and any effort to do so – through allegations, discovery, or otherwise – is impermissible.

87.     The allegations in Paragraph 87 of the Complaint include Plaintiffs' characterization of this case, Plaintiffs' stated reasons for pursuing the case (which are irrelevant), and other irrelevant and extraneous matters.  These are not the sort of factual allegations to which a response is required.  To the extent that a response may be required, W.B. Mason denies these allegations and demands strict proof thereof.

## PARTIES

88.     On information and belief, admitted.

89.     On information and belief, admitted.

90.     Admitted.

## JURISDICTION AND VENUE

91.     Jurisdictional allegations require no response.  To the extent that a response may be required, W.B. Mason is without information sufficient to admit or deny these allegations, the legal effect of which is to deny them and to demand strict proof thereof.

92.     Jurisdictional allegations require no response.  To the extent that a response may be required, W.B. Mason is without information sufficient to admit or deny these allegations, the legal effect of which is to deny them and to demand strict proof thereof.  For further answer, the fact that W.B. Mason transacts business in Florida does not dictate that jurisdiction and venue lie here, or that it is otherwise appropriate for this Court to entertain Plaintiffs' claims.

93.     Venue allegations require no response.  To the extent that a response may be required, W.B. Mason is without information sufficient to admit or deny these allegations, the legal effect of which is to deny them and to demand strict proof thereof.  For further answer,

the fact that W.B. Mason transacts business in Florida does not dictate that jurisdiction and venue lie here, or that it is otherwise appropriate for this Court to entertain Plaintiffs' claims.

## FACTUAL BACKGROUND

### *Office Depot's Business*

94.     On information and belief, admitted.

95.     Denied.  For further answer, W.B. Mason admits that ODI acquired OMI in or about November 2013, and at or about that time, the employment of OMI's employees terminated, as a matter of law.

96.     W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 96 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.

97.     W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 97 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.

98.     W.B. Mason is without information in this litigation sufficient to admit or deny the allegations and characterizations contained in Paragraph 98 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.

99.     Admitted.

100.     W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 100 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.

101.     W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 101 of the Complaint, the legal effect of which is to

deny the same and to demand strict proof thereof.  For further answer, Plaintiffs' stated subjective perception of certain information is not conclusive.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

102.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 102 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.  For further answer, Plaintiffs' stated subjective perception of certain information is not conclusive.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

103.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 103 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.  For further answer, Plaintiffs' stated subjective perception of certain information is not conclusive.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

104.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 104 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.  Also, to the extent that these allegations purport to characterize, summarize, and describe allegations in other litigation, they are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  For further answer, Plaintiffs' stated subjective perception of certain information is not conclusive.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

105.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 105 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.  Also, to the extent that these allegations purport to characterize, summarize, and describe allegations in other litigation, they are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  For further answer, Plaintiffs' stated subjective perception of certain information is not conclusive.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

106.    The allegations contained in Paragraph 106 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual

36

allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  For further answer, W.B. Mason admits that in the office supply industry, there are no genuine "trade secrets" and little confidential information of any proprietary value.

107.    The allegations contained in Paragraph 107 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

108.    The allegations contained in Paragraph 108 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 108 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

109.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 109 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.

110.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 110 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.

111.    The allegations contained in Paragraph 111 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

112.    The allegations contained in Paragraph 112 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  In addition, to the extent that Paragraph 112 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

113.    The allegations contained in Paragraph 113 of the Complaint comprise vague and general references to conduct, including inadmissible conjecture and speculation as to intentions and goals, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.  For further answer, W.B. Mason notes that what Plaintiffs refer to as "goodwill" is inconsistent with the legitimate business interests defined by the applicable law, and far exceeds any interest that Plaintiffs could legitimately seek to protect through provisions narrowly tailored to achieve such protection.

114.    The allegations contained in Paragraph 114 of the Complaint refer to selectively and characterize referenced "public testimony," the complete iteration of which is the best evidence of its contents.  W.B. Mason denies any allegation in consistent with the complete "public testimony" that is referenced and denies Plaintiffs' characterizations of it.

115.    The allegations contained in Paragraph 115 of the Complaint refer to selectively and characterize referenced "public testimony," the complete iteration of which is the best evidence of its contents.  W.B. Mason denies any allegation in consistent with the complete "public testimony" that is referenced and denies Plaintiffs' characterizations of it.

116.    The allegations contained in Paragraph 116 of the Complaint refer to selectively and characterize referenced "public testimony," the complete iteration of which is the best evidence of its contents.  W.B. Mason denies any allegation in consistent with the complete "public testimony" that is referenced and denies Plaintiffs' characterizations of it. For further answer, W.B. Mason states that some or all of the facts related to the Individual

Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.

117.    The allegations contained in Paragraph 117 of the Complaint refer to selectively and characterize referenced "public testimony," the complete iteration of which is the best evidence of its contents.  W.B. Mason denies any allegation in consistent with the complete "public testimony" that is referenced and denies Plaintiffs' characterizations of it.

118.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 118 of the Complaint – including the apparent allegations that Plaintiffs train their employees in terms referred to in certain selectively-cited public testimony – the  legal effect of which is to deny the same and to demand strict proof thereof.

119.    W.B. Mason is without information in this litigation sufficient to admit or deny the allegations contained in Paragraph 119 of the Complaint, the legal effect of which is to deny the same and to demand strict proof thereof.  Also, to the extent that these allegations purport to characterize, summarize, and describe allegations in other litigation, they are inadmissible and irrelevant in this matter, and are inappropriate for assertion in the Complaint.  For further answer, Plaintiffs' stated subjective perception of certain information is not conclusive.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

120.    Paragraph 120 of the Complaint contains vague and general assertions about the Individual Employees.   To the extent that the Individual Employees are subject to

contractual obligations, such matters would need to be asserted and proven with specificity, rather than in such generalities.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

***The Individual Employees' Employment with Office Depot and Contractual Obligations Leading to the Present Dispute***

121.    The allegations contained in Paragraph 121 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  They also include vague and undefined assertions, such as a statement regarding "numerous ongoing lawsuits."  As such, a response is not required or appropriate. Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

122.    The allegations contained in Paragraph 122 of the Complaint comprise vague and general references to conduct, as characterized by Plaintiffs, not supported by specific factual allegations.  As such, a response is not required or appropriate.  Nevertheless, to the extent that a response may be required to such allegations, they are denied and W.B. Mason demands strict proof thereof.

123.    Paragraph 123 of the Complaint contains vague and general assertions about the Individual Employees.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this

proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

124.    Paragraph 124 of the Complaint contains vague and general assertions about the Individual Employees.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

125.    Paragraph 125 of the Complaint contains vague and general assertions about the Individual Employees.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

126.    Paragraph 126 of the Complaint contains vague and general assertions about the Individual Employees.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

127.    Paragraph 127 of the Complaint contains vague and general assertions about the Individual Employees.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the

subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding. To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

128.    Paragraph 128 of the Complaint contains vague and general assertions about the Individual Employees. For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding. To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

129.    Paragraph 129 of the Complaint contains vague and general assertions about the Individual Employees. For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding. To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

130.    Paragraph 130 of the Complaint contains vague and general assertions about the Individual Employees. For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding. To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

131.    Paragraph 131 of the Complaint contains vague and general assertions about the Individual Employees. For further answer, W.B. Mason states that some or all of the facts

related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

132.    Paragraph 132 of the Complaint contains vague and general assertions about the Individual Employees.  For further answer, W.B. Mason states that some or all of the facts related to the Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

**Stephen Arnold**

133.    Paragraph 133 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

134.    Paragraph 134 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

135.     Paragraph 135 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

136.     Paragraph 136 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

137.     Paragraph 137 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

138.     Paragraph 138 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this

proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

139.   Paragraph 139 of the Complaint contains general assertions about Mr. Arnold, including the contents of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

140.   Paragraph 140 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

141.   Paragraph 141 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

142.   Paragraph 142 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the

subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

143.    Paragraph 143 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 143 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

144.    Paragraph 144 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 144 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a

cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

145.    Paragraph 145 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 145 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

146.    Paragraph 146 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 146 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a

cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

147.     Paragraph 147 of the Complaint contains general assertions about Mr. Arnold. For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

148.     Paragraph 148 of the Complaint contains general assertions about Mr. Arnold, including Plaintiffs' purported characterization and summary of testimony.   For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

149.     Paragraph 149 of the Complaint contains general assertions about Mr. Arnold, including Plaintiffs' purported characterization and summary of testimony as well as inadmissible speculation and conjecture about intentions and beliefs.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Arnold and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

**Brent Roberts**

150.    Paragraph 150 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

151.    Paragraph 151 of the Complaint contains general assertions about Mr. Roberts, including the contents of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

152.    Paragraph 152 of the Complaint contains general assertions about Mr. Roberts, including the contents of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

153.    Paragraph 153 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this

proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

154.    Paragraph 154 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

155.    Paragraph 155 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Roberts' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

156.    Paragraph 156 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Roberts' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

157.    Paragraph 157 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding. This includes the fact that Mr. Roberts' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI. To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

158.    Paragraph 158 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding. This includes the fact that Mr. Roberts' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI. To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

159.    Paragraph 159 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding. This includes the fact that Mr. Roberts' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI. To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

160.    Paragraph 160 of the Complaint contains general assertions about Mr. Roberts, including the contents of a referenced agreement. For further answer, W.B. Mason states that

some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

161.    Paragraph 161 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Roberts' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

162.    Paragraph 162 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

163.    Paragraph 163 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the

subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  For further answer, W.B. Mason notes that what Plaintiffs refer to as "goodwill" is inconsistent with the legitimate business interests defined by the applicable law, and far exceeds any interest that Plaintiffs could legitimately seek to protect through provisions narrowly tailored to achieve such protection.

164.    Paragraph 164 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

165.    Paragraph 165 of the Complaint contains general assertions about Mr. Roberts as well as vague references regarding others.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

166.    Paragraph 166 of the Complaint contains general assertions about Mr. Roberts as well as vague references regarding others.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over

which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

167.    Paragraph 167 of the Complaint contains general assertions about Mr. Roberts, including inadmissible speculation about the intentions of others.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required. In addition, to the extent that Paragraph 167 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

168.    Paragraph 168 of the Complaint contains general assertions about Mr. Roberts as well as vague references regarding others.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

169.    Paragraph 169 of the Complaint contains general assertions about Mr. Roberts, with a minor reference to Mr. Arnold.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts, Mr. Arnold, and the other Individual Employees and their

obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 169 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

170.    Paragraph 170 of the Complaint contains general assertions about Mr. Roberts, with inadmissible characterization by Plaintiffs.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 170 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

171.    Paragraph 171 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this

proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

172.    Paragraph 172 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

173.    Paragraph 173 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

174.    Paragraph 174 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the

subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

175.    Paragraph 175 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

176.    Paragraph 176 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

177.    Paragraph 177 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and

the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

178.     Paragraph 178 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

179.     Paragraph 179 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate

pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

180.    Paragraph 180 of the Complaint contains general assertions about Mr. Roberts, including inadmissible conjecture and speculation.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

181.    Paragraph 181 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

182.    Paragraph 182 of the Complaint contains general assertions about Mr. Roberts. For further answer, W.B. Mason states that some or all of the facts related to Mr. Roberts and

the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

**Kenneth Pelletier**

183.    Paragraph 183 of the Complaint contains general assertions about Mr. Pelletier and Mr. Roberts.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Pelletier, Mr. Roberts, and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

184.    Paragraph 184 of the Complaint contains general assertions about Mr. Pelletier. For further answer, W.B. Mason states that some or all of the facts related to Mr. Pelletier and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Pelletier's employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is

required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

185.    Paragraph 185 of the Complaint contains general assertions about Mr. Pelletier. For further answer, W.B. Mason states that some or all of the facts related to Mr. Pelletier and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

186.    Paragraph 186 of the Complaint contains general assertions about Mr. Pelletier, including the provisions of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Pelletier and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required

elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

187.    Paragraph 187 of the Complaint contains general assertions about Mr. Pelletier. For further answer, W.B. Mason states that some or all of the facts related to Mr. Pelletier and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 187 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

188.    Paragraph 188 of the Complaint contains general assertions about Mr. Pelletier. For further answer, W.B. Mason states that some or all of the facts related to Mr. Pelletier and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 188 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a

cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

189.    Paragraph 189 of the Complaint contains general assertions about Mr. Pelletier. For further answer, W.B. Mason states that some or all of the facts related to Mr. Pelletier and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.   To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

**Peter Davis**

190.    Paragraph 190 of the Complaint contains general assertions about Mr. Davis, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

191.    Paragraph 191 of the Complaint contains general assertions about Mr. Davis, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over

which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

192.    Paragraph 192 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Davis' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

193.    Paragraph 193 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Davis' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

194.    Paragraph 194 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Davis' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

195.    Paragraph 195 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Mr. Davis' employment with OMI terminated, as a matter of law, upon the acquisition of OMI by ODI.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

196.    Paragraph 196 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

197.    Paragraph 197 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

198.    Paragraph 198 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this

proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 198 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

199.    Paragraph 199 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

200.    Paragraph 200 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 200 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to

seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

201.    Paragraph 201 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

202.    Paragraph 202 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 202 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to

68

seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

203.    Paragraph 203 of the Complaint contains general assertions about Mr. Davis. For further answer, W.B. Mason states that some or all of the facts related to Mr. Davis and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.    Paragraph 203 also purports to characterize allegations and interim relief provided in those other pending proceedings,  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

**Merry White**

204.    Paragraph 204 of the Complaint contains general assertions about Ms. White. For further answer, W.B. Mason states that some or all of the facts related to Ms. White and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this

proceeding.  This includes the fact that Ms. White's prior employments terminated upon the sale of her employer to other entities.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

205.    Paragraph 205 of the Complaint contains general assertions about Ms. White, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Ms. White and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

206.    Paragraph 206 of the Complaint contains general assertions about Ms. White. For further answer, W.B. Mason states that some or all of the facts related to Ms. White and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 206 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

207.    Paragraph 207 of the Complaint contains general assertions about Ms. White. For further answer, W.B. Mason states that some or all of the facts related to Ms. White and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the

subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

208.    Paragraph 208 of the Complaint contains general assertions about Ms. White. For further answer, W.B. Mason states that some or all of the facts related to Ms. White and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 208 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

209.    Paragraph 209 of the Complaint contains general assertions about Ms. White. For further answer, W.B. Mason states that some or all of the facts related to Ms. White and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the

subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

210.   Paragraph 210 of the Complaint contains general assertions about Ms. White and inadmissible characterization of interim orders taken in other pending proceedings.  For further answer, W.B. Mason states that some or all of the facts related to Ms. White and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 210 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

**Michelle Sigel**

72

211.    Paragraph 211 of the Complaint contains general assertions about Ms. Sigel. For further answer, W.B. Mason states that some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Ms. Sigel's prior employments terminated upon the sale of her employer to other entities.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

212.    Paragraph 212 of the Complaint contains general assertions about Ms. Sigel, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Ms. Sigel's prior employments terminated upon the sale of her employer to other entities.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

213.    Paragraph 213 of the Complaint contains general assertions about Ms. Sigel, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  This includes the fact that Ms. Sigel's prior employments terminated upon the sale of her employer to other entities.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

214.     Paragraph 214 of the Complaint contains general assertions about Ms. Sigel, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 214 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

215.     Paragraph 215 of the Complaint contains general assertions about Ms. Sigel, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

216.     Paragraph 216 of the Complaint contains general assertions about Ms. Sigel, including the terms of a referenced agreement.  For further answer, W.B. Mason states that

some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 216 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.

217.    Paragraph 217 of the Complaint contains general assertions about Ms. Sigel, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

218.    Paragraph 218 of the Complaint contains general assertions about Ms. Sigel, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Ms. Sigel and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over

which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 218 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit. To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

**Kevin Nerlinger**

219.   Paragraph 219 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

220.   Paragraph 220 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in

this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

221.   Paragraph 221 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

222.   Paragraph 222 of the Complaint contains general assertions about Mr. Nerlinger, including the terms of a referenced agreement.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

223.   Paragraph 223 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 223 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to

create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  Further, Plaintiffs' efforts to characterize and deride the actions described are inadmissible and inappropriate for this Complaint.

224.    Paragraph 224 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

225.    Paragraph 225 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  In addition, to the extent that Paragraph 225 of the Complaint is intended to suggest a basis to impugn the integrity of an attorney representing clients, to seek to create a basis for invading the attorney-client privilege, to restrict access of clients to counsel, to attempt to turn counsel into a witness, or to otherwise use such facts to create a cause of action or claim, those allegations are improper and unwarranted, and raise no legitimate issues for determination in this lawsuit.  Further, Plaintiffs' efforts to characterize and deride the actions described are inadmissible and inappropriate for this Complaint.

226.    Paragraph 226 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr.

Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.

227.   Paragraph 227 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  Further, Plaintiffs' efforts to characterize and deride the actions described (including the reference to "suspicious and/or unusual behavior") are inadmissible and inappropriate for this Complaint.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

228.   Paragraph 228 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

229.     Paragraph 229 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.

230.     Paragraph 230 of the Complaint contains general assertions about Mr. Nerlinger.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.  To the extent that Plaintiffs wish to pursue a claim for misappropriation of trade secret or other protected information, they must do by appropriate pleading and proof of all required elements of such claims, including harm and legally sanctioned damages, and not on vague generalities such as those stated here.  For further answer, W.B. Mason notes that what Plaintiffs refer to as "goodwill" is inconsistent with the legitimate business interests defined by the applicable law, and far exceeds any interest that Plaintiffs could legitimately seek to protect through provisions narrowly tailored to achieve such protection.

231.    Paragraph 231 of the Complaint contains general assertions about Mr. Nerlinger, including vague references to W.B. Mason.  For further answer, W.B. Mason states that some or all of the facts related to Mr. Nerlinger and the other Individual Employees and their obligations, if any, to OMI and/or ODI, are the subject of other pending proceedings, over which jurisdiction cannot be sought in this proceeding.  To the extent that a further response is required, these allegations are denied and strict proof thereof is required.

**COUNT I**
**TORTIOUS INTERFERENCE WITH CONTRACTS**

232.    W.B. Mason reiterates and incorporates its responses to Paragraphs 1-231, inclusive, as if set forth fully herein.

233.    The allegations in Paragraph 233 of the Complaint purport to characterize various agreements, the terms and content of which contain their provisions.  W.B. Mason denies any allegation inconsistent with those terms, and further denies that such agreements are enforceable or applicable in all respects.  For further answer, some of the referenced agreements may have expired, and terms of the agreements are further unenforceable under the applicable law.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

## COUNT II
## CIVIL CONSPIRACY

242.    W.B. Mason reiterates and incorporates its responses to Paragraphs 1-241, inclusive, as if set forth fully herein.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

## COUNT III
## TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

248.    W.B. Mason reiterates and incorporates its responses to Paragraphs 1-247, inclusive, as if set forth fully herein.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

## COUNT IV
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

255.    W.B. Mason reiterates and incorporates its responses to Paragraphs 1-254, inclusive, as if set forth fully herein.

256.    Denied.

257.   Denied.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

**COUNT V**
**UNFAIR COMPETITION**

263.   W.B. Mason reiterates and incorporates its responses to Paragraphs 1-262, inclusive, as if set forth fully herein.

264.   The allegations contained in Paragraph 264 of the Complaint state legal conclusions and characterizations of Plaintiffs' claims, to which a response is not required. To the extent that a response may be required, W.B. Mason denies these allegations and demands strict proof thereof.

265.   Denied.

266.   Denied.

267.   Denied.

268.   Denied.

269.   Denied.

270.   All allegations not herein expressly admitted are denied.

**THIRD DEFENSE**

The Complaint is barred, in whole or in part, by waiver.

**FOURTH DEFENSE**

The Complaint is barred, in whole or in part, by laches.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, by unclean hands.

## SIXTH DEFENSE

The Complaint is barred, in whole or in part, by failure to do equity.

## SEVENTH DEFENSE

The Complaint is barred, in whole or in part, by privilege.

## EIGHTH DEFENSE

To the extent Plaintiffs seek reimbursement of attorneys' fees, no such attorneys' fees are recoverable at common law, or under any applicable statute or contract between the parties.

## NINTH DEFENSE

W.B. Mason is not subject to liability for alleged interference with contracts, expectancies, or other interests not viable or enforceable as unlawful restraints in trade or otherwise.

## TENTH DEFENSE

Plaintiffs' injuries, if any, were not caused by W.B. Mason but by persons or entities other than W.B. Mason, for which W.B. Mason is not legally responsible.

## ELEVENTH DEFENSE

The information that Plaintiffs seek to protect is not protectable and is readily ascertainable by proper means by other persons.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack legitimate business interests to protect in this matter.

## THIRTEENTH DEFENSE

W.B. Mason reserves the right to assert and intends to hold Plaintiffs to their duty to mitigate damages.

## FOURTEENTH DEFENSE

W.B. Mason demands strict proof of any damages claimed by the Plaintiffs in this lawsuit.

## FIFTEENTH DEFENSE

Punitive damages are not recoverable in this action.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for improper splitting of causes of action and/or claims.

## SEVENTEENTH DEFENSE

The Complaint is barred, in whole or in part, by acquiescence.

## EIGHTEENTH DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, by the economic loss rule and/or Plaintiffs' lack of privity with W.B. Mason.

## NINETEENTH DEFENSE

The actions of W.B. Mason complained of by Plaintiffs were justified and/or not improper.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the single satisfaction rule.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by jurisdiction over some or all of the allegations in this case in other, first-filed, proceedings pending elsewhere.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by set-off.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, for lack of standing.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by *res judicata*.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by collateral estoppel.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by settlement.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by release.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by compulsory counterclaim requirements.

### TWENTY-NINTH DEFENSE

W.B. Mason reserves the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

**WHEREFORE**, Defendant W.B. Mason Co., Inc. respectfully requests as follows:

(a)     That Plaintiffs' Complaint be dismissed with prejudice and with costs to W.B. Mason;

(b)     That judgment in favor of W.B. Mason be entered with respect to each count and claim asserted by Plaintiffs in the Complaint; and

(c)     That the Court grant W.B. Mason such other and further relief as it deems appropriate and just.

**COUNTERCLAIM**

Defendant W.B. Mason Co., Inc. ("W.B. Mason"), as Counterclaim Plaintiff, by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby asserts the following Counterclaims against the Plaintiff and Counterclaim Defendants OfficeMax, Inc. ("OMI") and Office Depot, Inc. ("ODI") (OMI and ODI may also be referred to collectively herein as "Plaintiffs")

**NATURE OF THE ACTION**

1.      This Counterclaim is for a declaratory judgment and other relief by W.B. Mason, who has been sued by OMI and ODI in this case.  Among other things, OMI and ODI apparently complain that W.B. Mason is a competitor in the office supplies market, including lawful and legitimate business activities that bring W.B. Mason into competition with ODI (which owns OMI), lawful recruitment and hiring of employees (including employees who exercise their lawful rights to terminate at-will employment arrangements).

2.      OMI and ODI regularly require their at-will employees to sign agreements that impose oppressive, overly broad restrictions on post-employment activity, restrictions that would substantially interfere with their ability to earn a living.  The restrictions are not designed, tailored, or intended to protect legitimate and lawful business interests.  Instead, such restrictive covenants are designed and intended to intimidate employees, to hold them hostage in their jobs, to interfere with their legitimate rights to seek alternative employment and to stifle legitimate and fair competition in the marketplace.  They also seek to protect their customer base beyond protecting customer goodwill created during the employees' employment, and they also employ

87

coercive tactics such as alleging improperly and inaccurately that agreements with restrictions triggered upon ODI's acquisition of the business (such as ODI's acquisition of OMI in 2013) remain in effect many years later.

3.      W.B. Mason brings this Counterclaim seeking, <u>inter alia</u>, a declaration that (i) the restraints in trade entered into between Plaintiffs and their at-will employees are unenforceable, (ii) W.B. Mason is free to exercise its privilege of free and fair competition in the marketplace; (iii) W.B. Mason is free to engage in its regular recruitment and hiring activities; and (iv) Plaintiffs have no legitimate business interests in seeking to limit W.B. Mason's activities.

## JURISDICTION AND VENUE

4.      This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367 because these claims are related to the claims alleged in Plaintiffs' Complaint, arise out of a common nucleus of operative fact, and are part of the same case or controversy.

5.      This Court has personal jurisdiction over the Plaintiffs because they have submitted to the Court's jurisdiction in filing this lawsuit, and because both Plaintiffs regularly and substantially transact business in this District.

6.       Venue is proper under 28 U.S.C. § 1391 because OMI and/or ODI reside in this District.

## SUBSTANTIVE ALLEGATIONS

7.      W.B. Mason was founded in 1898 and has been in the business of selling office supplies, furniture and office equipment since that date.  Its present market area includes areas of or around Massachusetts; Rhode Island; Connecticut; New Hampshire; Maine; Albany, N.Y.; Westchester, N.Y.; Manhattan, New Jersey; Philadelphia, Pennsylvania; Washington, D.C.; Northern Virginia; and Maryland. W.B. Mason sells office supplies, furniture and office equipment

to other businesses principally through door-to-door and telephone sales made by its sales representatives.  W.B. Mason does not have any retail stores.

8.      W.B. Mason is a competitor of Plaintiffs.  Unlike Plaintiffs, W.B. Mason does not require its sales representatives to sign noncompetition or nonsolicitation agreements that purport to restrict their employees from calling on customers after their employment ends.

9.      The office products supply business is a "commodity business" and all of the competitors sell basically the same products, i.*e.,* the same pens, paper clips, pads of paper, copy paper, toner cartridges, and equipment, which they generally obtain from the same manufacturers and wholesalers. As a result, competition in this market is fierce and primarily driven by pricing. Business customers typically purchase their office products from more than one competitor — *e.g*., W.B. Mason and Plaintiffs share numerous customers — and tend to cherry-pick the best prices offered at any one time. The other major factors important to customers are prompt, accurate deliveries and excellent customer service.

10.     There are no genuine "trade secrets" in this industry and little confidential information of any proprietary value. For example, customer lists are not secret. Because every business is a potential customer for office supplies, it is easy to identify customers by simply reading the Yellow Pages, looking on the internet or by canvassing an area on foot, street by street, building by building and office by office.

11.     Likewise, pricing is not secret in this industry. Every major competitor publishes one or more catalogs, which have detailed pricing for every product.  Competitors hand these catalogs out to customers (and often post the pricing on the internet) and they are readily available to all the competitors who regularly call on customers.

12.     In addition, because customers buy from several vendors at once and are primarily focused on price, delivery and customer service, there is very little if any customer loyalty or goodwill in this industry.  W.B. Mason and Plaintiffs therefore share many customers, and this was true regardless of the "Individual Employees" role with W.B. Mason.

13.     The purported agreements between Plaintiffs and their employees are not designed or intended to protect Plaintiffs' legitimate and lawful business interests. Instead, it is designed and intended, and/or is being used improperly, to intimidate employees like the Individual Employees, to hold them hostage in their jobs, to interfere with their legitimate rights to seek alternative employment and to stifle legitimate and fair competition in the marketplace.

14.     Plaintiffs' post-employment restrictive covenants are not reasonably necessary to protect trade secrets or valuable confidential information because sales representatives in the office supplies industry do not have access to any genuine trade secrets or competitively valuable confidential information.

15.     In addition, Plaintiffs' post-employment restrictive covenants are not reasonably necessary to protect relationships with prospective or existing customers, or customer goodwill, because there is little or no customer loyalty or goodwill in the office products supply industry, the purported restraints extend beyond customer goodwill created with employees at Plaintiffs' expense during their employment, and sales representatives of Plaintiffs do not develop any such substantial relationships or goodwill with customers.

16.     Plaintiffs' restrictive covenants are not reasonably necessary to protect any extraordinary or specialized training because sales representatives do not receive any such unique or specialized training.  The limited sales training they receive is generic and not

specialized to the sale of products.  Sales approaches and techniques are not unique and are commonly used both inside and outside the office products industry.

17.     To the extent that Plaintiffs can prove the existence of any legitimate business interest justifying the restrictive covenants, the provisions that they employ are excessive and overbroad, far in excess of their legitimate business interests.

**COUNT I**
**DECLARATORY JUDGMENT**

18.     W.B. Mason repeats and realleges the allegations contained in Paragraphs 1 through 17 of the Counterclaim, inclusive, as if fully set forth herein.

19.     This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve an actual controversy regarding W.B. Mason's recruitment and hiring of employees and other activities in the marketplace.

20.     An actual controversy exists between Plaintiffs and W.B. Mason concerning whether or not Plaintiffs' restrictive covenants are enforceable under applicable law or whether they are unreasonable and void as against public policy, or are otherwise unenforceable on the facts and circumstances presented.

21.     Counterclaim Plaintiff W.B. Mason is entitled to a declaratory judgment that that (i) the restraints in trade entered into between Plaintiffs and their at-will employees are unenforceable, (ii) W.B. Mason is free to exercise its privilege of free and fair competition in the marketplace; (iii) W.B. Mason is free to engage in its regular recruitment and hiring activities; and (iv) Plaintiffs have no legitimate business interests in seeking to limit W.B. Mason's activities.

**WHEREFORE**, Defendant W.B. Mason Co., Inc. respectfully requests as follows:

(a)     That this Court adjudicate and declare that (i) the restraints in trade entered into

between Plaintiffs and their at-will employees are unenforceable, (ii) W.B. Mason is free to exercise its privilege of free and fair competition in the marketplace; (iii) W.B. Mason is free to engage in its regular recruitment and hiring activities; and (iv) Plaintiffs have no legitimate business interests in seeking to limit W.B. Mason's activities;

(b)      That judgment in favor of W.B. Mason be entered in its favor and against Plaintiffs on the Counterclaim, with an award of costs; and

(c)      That the Court grant W.B. Mason such other and further relief as it deems appropriate and just.

## DEMAND FOR TRIAL BY JURY

W.B. Mason demands a trial by jury on all the claims and counts of the Complaint and all defenses thereto, and the Counterclaim, and all defenses asserted thereto.

Dated: July 27, 2017                     W.B. MASON CO., INC.

By its attorneys,

*/s/ Brett L. Goldblatt*
Brett L. Goldblatt (Fla. Bar No.: 085920)
RICHMAN GREER, P.A.
One Clearlake Centre, Suite 1504
250 Australian Avenue South
West Palm Beach, FL 33401
(561) 803-3500 – Telephone
(561) 820-1608 – Fax
grichman@richmangreer.com
bgoldblatt@richmangreer.com

Matthew T. McLaughlin (*pro hac vice* application forthcoming)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000 – Telephone
(617) 345-1300 – Fax
mmclaughlin@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2017, a true copy of the foregoing was served via the

Court's CM/ECF system electronically upon all counsel or parties of record.

*/s/ Brett L. Goldblatt*
Brett L. Goldblatt